Dear Representative Weston:
You have requested an opinion of this office seeking an interpretation of the provisions of La. R.S. 40:1299.35.1(1). Specifically, you request an opinion as to whether the definition of "abortion" as provided in that statute includes "missed abortions" as you understand that term to be defined.
In your request, you state that:
 "The Williams Obstetrics definition of `missed abortions' `is the prolonged retention of a fetus who died during the first half pregnancy . . . [and] as the retention of dead
products of conception in utero for eight weeks or more.' Furthermore, Williams Obstetrics
defines `missed abortion' as a `subgroup' of `spontaneous abortion.' Williams Obstetrics, 17 ed., at p. 472."
La. R.S. 40:1299.35.1(1) defines the term "abortion" as follows:
 "Abortion" means the deliberate termination of a human pregnancy after fertilization of a female ovum, by any person, including the pregnant woman herself, with an intention other than to produce a live birth or to remove a dead unborn child caused by a spontaneous abortion.
Insofar as this statute excludes spontaneous abortions from the definition of abortions, and the definition you give of the term "missed abortions" includes "spontaneous abortions," it would seem apparent that "missed abortions" are not included within the meaning of "abortion" as defined in La. R.S.40:1299.35.1(1).
We must further note that the definition of "abortion"contained in R.S. 40:1299.35.1(1) is applicable not only to the provisions of Act 648 of 1995 but also to the reporting requirements set forth in R.S. 40:1299.35.1(1), which has been in effect in its present form since 1986. That provision of law has required that attending physicians report abortions, as defined in R.S. 40:1299.35.1(1), to the state. Act 648 did not change the definition of abortion found in R.S.40:1299.35.1(1), which has been in effect in its current form since 1981. (See Act 774 of 1981). Thus, this sudden concern in the medical community as to the definition of "abortion" under Louisiana law is without basis, since the medical community has been operating under that definition for over a decade.
It is therefore the opinion of this office that "missed abortions," as defined in Williams Obstetrics, 17 ed., are not included in the definition of "abortions" found in La. R.S. 40:1299.35.1(1).
It is hoped that this opinion sufficiently answers you inquiry. If you have any questions, please contact the undersigned at your convenience.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ________________________________ ROY A. MONGRUE, JR. Assistant Attorney General
RPI/RAM, jr:cwr
DATE RECEIVED: 10/04/95
DATE RELEASED:
ROY A. MONGRUE, JR. ASSISTANT ATTORNEY GENERAL